UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEHRA WAHEED; THE SEREN FASHION ART & INTERIORS, LLC, <br><br> Plaintiffs, <br><br> -against- <br><br> POLICE DEPARTMENT 19TH PRECINCT (NYPD); THE CITY OF NEW YORK (THE CITY); OFFICER ORILEYDA GONZALEZ ROBLES; LIEUTENANT CHEN; SERGEANT SANTALI, <br><br> Defendants. | 25-CV-9101 (LLS) <br><br> ORDER OF DISMISSAL WITH LEAVE TO REPLEAD |

LOUIS L. STANTON, United States District Judge:

Plaintiff Sehra Waheed, who is appearing *pro se*, brings this action under 42 U.S.C.

§ 1983, alleging that Defendants violated her federally protected rights. By order dated

November 5, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"),

that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint

with leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

### BACKGROUND

Plaintiff filed this complaint on her own behalf, and on behalf of Seren Fashion Art & Interiors, LLC, against the New York City Police Department and the 19th Precinct ("NYPD"); NYPD Officer Orileyda Gonzalez Robles; NYPD Lieutenant Chen; NYPD Sergeant Santali; and the City of New York. What follows is a brief summary of the facts set forth in Plaintiff's 188-page complaint.[1]

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

In February 2024, Plaintiff was renting two storage units from Manhattan Mini Storage ("MMS"), located at 420 East 62nd Street in New York City. (ECF 1 at 5.) Plaintiff claims that the personal and business property she was storing in those units included "valuable personal items, business inventory, intellectual property, artwork, and military items, with a total estimated value of approximately $1.5 million." (*Id.* at 6.) Plaintiff further asserts that on or about February 28, 2024, without giving her "proper notice," MMS conducted a "lien sale auction," of the property in the storage units, which was sold to "third parties," "despite [her] attempts to cure any alleged default."[2] (*Id.*)

According to Plaintiff, MMS, in auctioning off the property, and the third parties, in purchasing the property, committed grand larceny, in violation of New York Penal Law § 155.42 and New York Lien Law § 182. (*Id.* at 6.) Plaintiff filed a police report, and she contends that the police improperly classified her complaint as a civil matter, rather than a criminal matter, and then refused to change the classification of the report when she asked them to do so. (*Id.* at 7.) Additionally, the police refused to conduct an investigation of the auction and sale of her property. (*Id.*) She asserts that the actions and omissions of the police officers constitute discrimination on the basis of her disability and "race, ethnicity, national origin, or perceived social status." (*Id.*)

Plaintiff filed a discrimination complaint with the NYPD Internal Affairs Bureau, but Defendants "continued to refuse to properly investigate" her complaints. As a result of these events, Plaintiff lost her "property and livelihood." (*Id.* at 3.) As "an [Americans With

---

[2] Plaintiff filed a separate complaint in this court against MMS and the third-party purchasers. *See Waheed v. Rentoulis*, No. 24-CV-6476 (AT) (HJR) (S.D.N.Y. filed Aug. 23, 2024).

Disabilities Act]-protected individual," Plaintiff claims that she "now faces eviction and homelessness due to Defendants' misconduct." (*Id.* at 3.)

Plaintiff claims that the individual police Defendants violated her rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution, discriminated against her in violation of Title II of the Americans with Disabilities Act, and violated her right to Equal Protection under the Fourteenth Amendment. Plaintiff further asserts that New York City has a "custom[] of classifying theft reports from vulnerable individuals as 'civil matters[,]'" which "caused Plaintiff's injuries[.]" (*Id.* at 11-13.) Additionally, Plaintiff brings state-law claims of negligence, intentional and negligent infliction of emotional distress, "breach of duty," and "failure to intervene." (*Id.* at 8-10.) Plaintiff seeks declaratory and injunctive relief, and she seeks compensatory and punitive damages totaling $4.5 million. (*Id.* at 2, 15.)

Plaintiff has filed three motions for emergency injunctive relief (ECF 11-13), seeking this Court's "immediate" intervention into Defendants' "prolonged and deliberate failure" to investigate her complaints. (ECF 13 at 4.) Plaintiff has also moved for permission to participate in electronic case filing. (ECF 7.)

## DISCUSSION

### A.    Claims on behalf of Seren Fashion Art & Interiors, LLC

Plaintiff cannot bring suit on behalf of Seren Fashion Art & Interiors, LLC. "[S]hareholders and members of limited liability companies–even sole shareholders and sole members–do not have standing to sue for wrongs to the corporate entity." *RIGroup LLC v. Trefonisco Mgmt. Ltd.*, 949 F. Supp. 2d 546, 552 (S.D.N.Y. 2013), *aff'd*, 559 F. App'x 58 (2d Cir. 2014). Moreover, a person who is not an attorney may represent herself *pro se* but may not represent another individual or entity. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202–03 (1993) (noting that courts do not allow corporations,

partnerships, associations, and other "artificial entities" to appear in court without an attorney);

*Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("[B]oth a partnership and a corporation must appear through licensed counsel.")

The Court therefore dismisses Seren Fashion Art & Interiors, LLC as a plaintiff in this matter, without prejudice, because it cannot proceed without counsel.

**B.    The NYPD and the 19th Precinct**

The Court must dismiss Plaintiff's claims against the NYPD and the 19th Precinct, which is part of the NYPD, an agency of the City of New York, because it is not a suable entity. N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Gordon v. Gordon*, No. 25-CV-0170 (LTS), 2025 WL 1517961, at *3 (S.D.N.Y. May 27, 2025) ("As an initial matter, any claims against the 79th Precinct or the NYPD itself must be dismissed because an agency of the City of New York is not an entity that can be sued."); *see also Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Thus, the Court dismisses Plaintiff's claims against the NYPD and the 19th Precinct for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    The City of New York**

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The

plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).A plaintiff may satisfy the policy or custom requirement by alleging one of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees.

*Brandon v. City of New York*, 705 F. Supp. 2d 161, 276-77 (S.D.N.Y. 2010) (citations omitted).

Plaintiff claims that the City has a custom of "classifying theft reports from vulnerable individuals" as "civil matters," and that this policy "caused [her] injuries." (*Id.* at 13.) Under Rule 8, however, the Court need not accept such "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Plaintiff provides no facts plausibly suggesting that such a policy, custom, or practice exists, or that such a policy resulted in a violation of her constitutional rights. The Court therefore finds that the complaint fails to

state a municipal liability claim against the City of New York, and dismisses this claim for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.      Officer Orileyda Gonzales Robles, Lieutenant Chen, and Sergeant Santali**

**1.      Failure to Investigation**

The Court must dismiss Plaintiff's claims under Section 1983 against the individual NYPD officers arising from their alleged failure to investigate her complaints. Government officials generally have no federal constitutional duty to investigate or otherwise protect an individual from harm. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 192 (2d Cir. 1994); *see also*, *e.g.*, *Baltas v. Jones*, No. 3:21-CV-0469, 2021 WL 6125643, at *14 (D. Conn. Dec. 27, 2021) (The plaintiff "has no 'constitutional right to an investigation of any kind by government officials'") (citation omitted); *Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021) ("[T]here is no constitutional right to an adequate investigation. . . . Accordingly, a failure to investigate is not independently cognizable as a stand-alone claim under Section 1983.") (internal quotation marks and citation omitted).

There are two recognized exceptions to this general rule: (1) "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being," *DeShaney*, 489 U.S. at 199-200; or (2) when government officials affirmatively create or increase danger to the plaintiff, *see, e.g.*, *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008). In this context, the plaintiff must also show that a government official's "behavior was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (citation omitted).

7

Neither of the exceptions to the rule is applicable here. Plaintiff's allegations show that she was never in the custody of the state, and the danger of which she complains was not affirmatively created or increased by government officials.

The Court therefore dismisses Plaintiff's claim, that the police did not investigate her complaint, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.    Discrimination and Equal Protection Claims

Plaintiff alleges that the police discriminated against her on the basis of a disability. Title II of Americans with Disabilities Act of 1990 ("ADA") prohibits disability discrimination by public entities such as state and local governments. *See* 42 U.S.C. § 12131 *et seq*. To state a claim under Title II of the ADA, a plaintiff must allege that she has a qualified disability, and that she was either denied access to covered services, programs, or activities because of her disability, or that she requested and was denied a reasonable accommodation. *See McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012). A plaintiff must allege that her mistreatment "was motivated by either discriminatory animus or ill will" due to a disability. *Feliz v. City of New York*, No. 18-CV-5023 (PAE) (SN), 2019 WL 6831552, at *9 (S.D.N.Y. Aug. 5, 2019) (citing *Garcia v. S.U.N.Y. Health Scis. Ctr. of Bklyn.*, 280 F.3d 98, 112 (2d Cir. 1998)), *report and recommendation adopted*, 2019 WL 4386017 (S.D.N.Y. Sept. 13, 2019).

Plaintiff further alleges that Defendants discriminated against her based on her "race, ethnicity, national origin, or perceived social status." (ECF 1 at 6.) The Court construes these claims as asserting an equal protection claim. The Equal Protection Clause of the Fourteenth Amendment essentially prohibits the disparate treatment of similarly situated individuals. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Hart v. Westchester County Department of Social Services*, 160 F. Supp. 2d 570, 578 (S.D.N.Y. 2001).

8

"To prove an equal protection violation, claimants must prove purposeful discrimination directed at an identifiable or suspect class." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995). "[C]laims of race-based discrimination under the Equal Protection Clause . . . require that intentional discrimination be alleged in a non-conclusory fashion." *Traylor v. Hammond*, 94 F. Supp. 3d 203, 215 (D. Conn. 2015) (citing *Clyburn v. Shields,* 33 F. App'x 552, 555 (2d Cir. 2002) (summary order). Courts have held that there is a federal right to non-discriminatory police investigation. *See McGrath v. Dominican College of Blauvelt, New York*, 672 F. Supp. 2d 477, 490 (S.D.N.Y. 2009); *Blount v. Swiderski*, No. 03-CV-0023, 2006 WL 3314635, at *12 (E.D.N.Y. Nov. 14, 2006) (noting the plaintiff's claim that defendants failed to investigate "because of constitutionally improper motives").

The complaint does not provide facts plausibly alleging that any defendant discriminated against Plaintiff, or violated her right to equal protection. Plaintiff does not allege that she has a qualified disability, that she was denied access to services *because of* that disability, or that she requested reasonable accommodation and Defendants denied that request. In the same vein, there are no allegations in the complaint suggesting that Plaintiff was treated differently than similarly situated individuals, or that there was any connection between Defendants' acts or omissions and Plaintiff's race, ethnicity, national origin, or "perceived social status." (ECF 1 at 6.) In the absence of any supporting facts, Plaintiff's assertions are conclusory, and fail to comply with Rule 8. The Court dismisses these claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### E.    Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**F.    Motions**

**1.      Emergency Orders to Show Cause**

Plaintiff has filed multiple orders to show cause requesting preliminary injunctive relief. To obtain such relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth above, Plaintiff's complaint fails to state a claim on which relief may be granted. The Court therefore finds that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for

litigation and a balance of hardships tipping decidedly in her favor. Accordingly, the Court denies Plaintiff's requests for emergency injunctive relief.

### 2. Motion to Participate in Electronic Case Filing

The Court denies the motion to participate in electronic case filing without prejudice. Plaintiff may seek such permission once she has filed an amended complaint that states a plausible claim for relief.

### G. Leave to Amend and Litigation History

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

The exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, however, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A *pro se* litigant who has previously brought a similar case may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

Public Access to Court Electronic Records shows that since 2023, Plaintiff has filed 13 civil actions and appeals in this Circuit, and in some of those matters she has asserted claims on

behalf of Seren Fashion Art & Interiors, LLC, invoked the ADA and Section 1983, and sought

emergency injunctive relief. *See, e.g., Waheed v. SM 1 MMS, LLC*, No 24-CV-6476 (AT) (HJR),

2026 WL 203426, at *4 (S.D.N.Y. Jan. 27, 2026) (dismissing ADA claim and denying motion

for emergency injunctive relief); *interlocutory appeal pending*, No. 26-70 (2d Cir.); *Waheed v.*

*MLMIC Ins. Co.,* No. 25-CV-6504 (LLS), 2025 WL 2977708, at *2 (S.D.N.Y. Oct. 20, 2025)

(same), *appeal pending*, No. 25-2916 (2d Cir.); *Waheed v. Park*, No. 24-CV-9787 (LTS), 2025

WL 1808666 (S.D.N.Y. July 1, 2025) (dismissing Section 1983 claims against city agencies for

failure to state a claim); *Waheed v. Rentoulis,* No. 24-CV-6476 (AT) (HJR), 2024 WL 4373304,

at *1-2 (S.D.N.Y. Oct. 2, 2024) (informing Plaintiff that she cannot assert claims on behalf of

Seren Fashion Art and Interiors, LLC); *Waheed v. Sands*, No. 23-CV-10899 (JGK) (S.D.N.Y.

Jan. 12, 2024) (same). Additionally, courts have dismissed Plaintiff's complaints as lacking

merit, and have warned her against excessive and duplicative filings within particular cases.[3]

The Court grants Plaintiff leave to replead her claims in an amended complaint. In light

of her litigation history, however, the Court expects her to file an amended complaint that

provides facts that support her claims. In other words, if facts do not exist to support her claims,

she should not assert them. *See Sledge*, 564 F.3d at 109-110. Plaintiff is warned that if she

persists in filing complaints and motions that she should, by this point, know are not meritorious,

---

[3] *See Waheed v. Sands*, No, 23-CV-10899 (JGK), 2025 WL 3551523, at *3 (S.D.N.Y. Dec. 10, 2025) (warning Plaintiff that "the Court will consider entering an injunction if [she] persists in filing meritless motions"); *Waheed v. Ballon Stoll Bader and Nadler PC*, No. 25-CV-358 (PAE) (OTW), 2025 WL 1920064, at *1 (S.D.N.Y. July 11, 2025) (noting that "Plaintiff has made numerous, excessive filings unrelated to" a pending motion to dismiss), *interlocutory appeal pending*, No. 25-2743 (2d Cir.); *Waheed v. Sands*, No. 24-CV-7168, 2025 WL 506180, at *6 (C.D. Cal. Feb. 25, 2025) (dismissing complaint on *res judicata* grounds), No. 25-980, 2025 WL 1420223, at *1 (9th Cir. Apr. 5, 2025) (dismissing appeal as frivolous); *Seren Fashion Art and Interiors, LLC v. B.S.D. Capital, Inc.*, No. 23-7837, 2024 WL 4866898, at *1 (2d Cir. June 18, 2024) (dismissing appeal as frivolous).

the Court may consider imposing a filing injunction under 28 U.S.C. § 1651. *See Roberts v. United States*, No. 24-CV-1512 (LTS), 2024 WL 3606708, at *1 (S.D.N.Y. July 29, 2024) (instructing frequent *pro se* litigant that, "before filing any lawsuit, she must make a good faith investigation into whether she has a nonfrivolous legal claim," and warning that "[r]epetitive filing of frivolous litigation in this Court could result in an order barring [her] from filing new actions IFP under 28 U.S.C. § 1651").

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

Plaintiff is warned that if she persists in filing complaints and motions that she should, by this point, know are not meritorious, the Court may consider imposing a filing injunction under 28 U.S.C. § 1651.

The Court denies all pending motions as moot, and the Clerk of Court is directed to terminate them.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    February 26, 2026
          New York, New York

_____
          Louis L. Stanton
          U.S.D.J.

13