UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEHRA WAHEED,

Plaintiff,

-against-

POLICE DEPARTMENT 19TH PRECINCT (NYPD); THE CITY OF NEW YORK (THE CITY),

Defendants.

25-CV-9101 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that Defendants violated her rights. By order dated February 26, 2026, the Court dismissed Plaintiff's complaint and granted her 30 days' leave to replead her claims in an amended complaint. Plaintiff has filed an amended complaint, an affidavit in support of the amended complaint, and a motion for *pro bono* counsel. (ECF 18-20.) The Court has reviewed the amended complaint and the supporting affidavit. The Court dismisses the amended complaint for the reasons set forth below.

## BACKGROUND

In Plaintiff's original complaint, she named as Defendants individual police officers, the New York City Police Department ("NYPD"), the 19th Precinct, and the City of New York.[1] Plaintiff alleged that she rented two storage units from Manhattan Mini Storage ("MMS") to store $1.5 million worth of property. (ECF 1 at 5.) On February 28, 2024, MMS auctioned off

[1] The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the original submission unless noted otherwise.

the property without giving Plaintiff proper notice. (*Id.*) Plaintiff attempted to file a police report, but the police classified the dispute as a civil matter, rather than a criminal matter, and refused to do an investigation. (*Id*. at 7.) Plaintiff alleged that, in so doing, the police discriminated against her in violation of the Americans with Disabilities Act ("ADA"), and violated her right to Equal Protection under the Fourteenth Amendment. Plaintiff further claimed that City of New York had a custom of "classifying theft reports from vulnerable individuals as 'civil matters[,]'" which "caused Plaintiff's injuries[.]" (*Id*. at 11-13.) Plaintiff also asserted state-law claims. Plaintiff sought declaratory and injunctive relief, and $4.5 million in damages. (*Id.* at 2, 15.)

By order dated February 26, 2026, the Court dismissed the complaint with leave to replead, on the following grounds: (1) the NYPD and the 19th Precinct could not be sued; (2) the facts alleged did not support a municipal liability claim against the City of New York; (3) there is generally no constitutional right to an investigation by governmental officials; and (4) there were no facts in the complaint supporting Plaintiff's assertion that Defendants discriminated against her because of a disability, treated her differently because of a disability, or failed to reasonably accommodate a disability. (ECF 14.)

Plaintiff filed an amended complaint on June 1, 2026. (ECF 18.) The named Defendants in the amended complaint are the "Police Department 19th Precinct NYPD" and the City of New York. (ECF 18.) In the amended complaint, Plaintiff realleges the facts about the MMS incident. (*Id.* at 8-9.) Additionally, as set forth below, Plaintiff recounts other events that she alleges the police declined to investigate.

On July 26, 2018, Dr. Sonia Kim, a gynecologist at Garden OB/GYN, performed a procedure on Plaintiff without administering the requisite medication, and "applied excessive force" with "surgical instruments," which caused Plaintiff to hemorrhage and require emergency

hospitalization. (*Id.* at 19.) Dr. Kim also engaged in fraudulent billing and the altering of medical records, among other misconduct. (*Id.* at 19-20.)

On September 19, 2018, Dr. Sonya Barr performed a different gynecological procedure on Plaintiff. Dr. Barr allegedly failed to properly evaluate Plaintiff, take steps to "preserve [Plaintiff's] fertility," address "suspected endometriosis," or "consider the cumulative impact of" the surgery that Dr. Kim had performed. (*Id.* at 21-22.)

Plaintiff retained a law firm, Ballon Stoll Bader & Nadler, P.C. to represent her in medical malpractice litigation arising from the 2018 medical procedures. (*Id.* at 27.) In myriad ways, the attorneys from the firm allegedly engaged in conduct constituting legal malpractice, breach of fiduciary, fraudulent inducement, misrepresentation, sexual harassment, coercion, intimidation, and "attempted sex trafficking," which contributed to Plaintiff becoming homeless and "without resources." (*Id.* at 27-30.)

In 2022, Plaintiff entered into collateral loan agreements with New York Loan Company, LLC and Luxury Asset Capital, LLC. (*Id.* at 14.) Plaintiff pledged personal property that was valued in excess of $75,000. (*Id.* at 15.) Plaintiff asserts that those entities sold her property "without the required advance written notice" required by state law, and falsely told her that her "collateral remained available." (*Id.*)[2]

According to Plaintiff, the actions of the individuals involved in these situations were criminal, but the police refused to do any investigation, interview witnesses, obtain records, or coordinate with regulatory authorities. (*See generally* Complaint at 2, 6-36.) Plaintiff asserts that

[2] Plaintiff has filed lawsuits in connection with two of these alleged incidents. *See Waheed v. New York Loan Co., LLC*, No. 25-CV-4787 (LJL) (pending complaint arising from collateral loan agreements); *Waheed v. Rentoulis*, No. 24-CV-6476 (AT) (HJR) (S.D.N.Y) (pending complaint arising from storage-unit rentals).

the City of New York has a policy of "[t]reating Complaints from disabled individuals as lower priority than complaints from non-disabled persons." (*Id.* at 35.)

## DISCUSSION

The Court dismisses the amended complaint for substantially the same reasons that it dismissed the original complaint. To reiterate those reasons: (1) the NYPD and the 19th Precinct are not suable entities under the New York City charter; (2) there are insufficient facts in the complaint to show that a City policy, custom, or practice caused a violation of Plaintiff's rights; (3) there is no constitutional right to a government investigation; and (4) the facts alleged do not support Plaintiff's assertion that the police discriminated against her or treated her differently because of a disability, or failed to accommodate a disability. In other words, the amended complaint does not remedy the deficiencies that the Court's prior order identified as being present in the original pleading.

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. 28 U.S.C. § 1367(c)(3).

The motion for counsel is denied as moot. The Clerk of Court is directed to terminate all outstanding motions.

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: August 5, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.